UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID AUGUST KILLE SR.,

Plaintiff

v.

ED GRAY et al.,

Defendants

Case No. 2:19-cv-00988-GMN-BNW

ORDER REMANDING CASE BACK TO STATE COURT

Plaintiff, a former inmate of the Nevada Department of Corrections ("NDOC"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in state court, which Defendants removed. (ECF Nos. 1, 1-2). After removal, Plaintiff filed two motions to remand (ECF Nos. 5, 6), a motion for sanctions (ECF No. 7), and a motion to extend copy work (ECF No. 13). The Court grants the motions to remand, denies the motion for sanctions, and denies as moot the motion to extend copy work limit.

**I.  MOTIONS TO REMAND**

In this case, Plaintiff sued 25 defendants. (ECF No. 1-2 at 4). On June 11, 2019, the Office of the Attorney General filed a notice of removal stating that it represented Defendants Ed Gray, Michael Keeler, Tony Corda, Susan Jackson, Adam Endel, Eric Christiansen, the NDOC, Brian Williams, James Dzurenda, Nevada Board of Prison Commissioners, Brian Sandoval, Steve Sisolak, Adam Laxalt, Aaron Ford, Barbara Cegavske, and the State of Nevada and that all of these defendants had consented to removal of the action. (ECF No. 1 at 1, 3). The Office of the Attorney General stated that it was "unaware of any defendant that was properly served before the notice of removal was filed but did not formally join in the notice of removal." (ECF No. 4 at 2).

On June 28, 2019, Plaintiff filed his first motion to remand. (ECF No. 5). In the motion, Plaintiff states that he served 18 of the 25 defendants through the Carson City Sheriff's Office. (ECF No. 5 at 2-5). Plaintiff lists the dates and time of service for each of those 18 defendants. (*Id.*) Plaintiff states that the Carson City Sheriff's Office was

unable to serve Defendants Susan Jackson, Adam Endel, Ed Gray, Michael Keeler, Tony Corda, Eric Christiansen, and Lucille Monterde. (*Id.* at 4-5). Plaintiff asserts that the Office of the Attorney General "lied" and committed "fraud" when it said it represented six of these unserved defendants. (*Id.* at 5-6). Additionally, Plaintiff states that the Attorney General's Office failed to present formal written requests that it had the authority to represent Defendants Brian Williams, James Dzurenda, Brian Sandoval, Steve Sisolak, Adam Laxalt, Aaron Ford, and Barbara Cegavske. (*Id.* at 6). Plaintiff argues that, of the 18 defendants that were served, the Office of the Attorney General only seeks removal for 10 of the served defendants. (*Id.* at 7). Plaintiff argues that removal was not unanimous and must be remanded under the statute. (*Id.*) Additionally, Plaintiff asserts that the moving defendants were not reasonably diligent in determining whether or not any of the other named defendants had been served. (*Id.* at 8).

Plaintiff's second motion for remand reiterates that he has not been able to serve Defendants Susan Jackson, Adam Endel, Ed Gray, Michael Keeler, Tony Corda, and Eric Christiansen despite the Office of the Attorney General's assertion that it represents those defendants. (ECF No. 6 at 2-3). Jakob Dzyak of the Carson City Sheriff's Office notified Plaintiff that, on June 27, 2019, he tried to re-serve the seven remaining defendants at the Office of the Attorney General but the Office of the Attorney General refused to accept service for those defendants. (*Id.* at 2-3).

In its response, filed on July 11, 2019, the Office of the Attorney General states that it also represented Defendants Nevada Department of Public Safety, the Division of Parole and Probation, the Nevada Parole Board, Natalie Wood, Stephanie O'Rourke, Tom Lawson, and Lamicia Bailey. (ECF No. 9 at 1). The Office of the Attorney General argues that all served Defendants consented to removal and that there was no requirement to attach or provide client requests for representation. (*Id.* at 1-2). Additionally, the Office of the Attorney General asserts that Plaintiff did not attach proof of service to demonstrate that Plaintiff properly served James Wright. (*Id.* at 2). The Office of the Attorney General states that, at the time of removal, Plaintiff had not

completed proper service on all named defendants. (*Id.*) The Office of the Attorney General states that it has the authority to represent the defendants listed as its clients. (*Id.* at 3). The Office of the Attorney General represents all defendants except James Wright and Lucille Monterde and notes that Plaintiff concedes that he did not serve Monterde. (*Id.*) With respect to James Wright, the Office of the Attorney General states that Wright is a former state employee and, thus, "[a]ssuming Plaintiff attempted to serve James Wright at his former employment, this was improper." (*Id.* at 4). The Office of the Attorney General states that Plaintiff has not submitted proof that he properly served Wright and, thus, fails to demonstrate that removal was not unanimous. (*Id.*) The Office of the Attorney General states that it is not authorized to accept service for former employees and cites NRS § 41.039. (*Id.*)

In reply, Plaintiff asserts that, prior to removal, he filed a motion for extension of copy work in state court and, thus, the Office of the Attorney General knew that Plaintiff could not make copies of his service documents because he has no funds. (ECF No. 12 at 2). Plaintiff requests an extension of copy work limit if the Court would like Plaintiff to provide copies of his service documents. (*Id.* at 3). Plaintiff also notes that the Office of the Attorney General accepted service and represents three former state employees including Brian Sandoval, Adam Laxalt, and James Cox but for some reason refuses to accept service for Lucille Monterde in violation of the Nevada Rules of Civil Procedure 4.2(d)(2)(A). (*Id.* at 3-4). Plaintiff reiterates that Jakob Dzyak of the Carson City Sheriff's Office served Wright on May 3, 2019 at 10:10 a.m. and service was accepted by Executive Assistant Linda Herron. (*Id.* at 4). Plaintiff also notes that the Office of the Attorney General repeatedly cites the wrong statute regarding the need for written representation and correctly notes that the Office should be citing NRS § 41.0339. (*Id.* at 6).

**A.  Legal Standard**

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). In order to remove, "all

1 defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  However, a named defendant that a plaintiff has not served need not join in a notice of removal.  *Salveson v. W. States Bankcard Ass'ns*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as recognized in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988).

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as explained in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  "The failure to join all proper defendants in a removal petition may otherwise render the removal petition procedurally defective."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

A motion to remand is the proper procedure for challenging removal.  28 U.S.C. § 1447(c).  A district court must construe the removal statutes strictly against removal and resolve any uncertainty in favor of remanding the case to the state court.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*  Courts should resolve doubts as to removability in favor of remanding the case to State court.  *Id.*

**B.  Discussion**

The Court grants Plaintiff's motions to remand this case back to state court. The Court finds that the Office of the Attorney General's petition for removal was procedurally defective because not all purportedly, properly served defendants have consented to removal.  Although Plaintiff's argument focuses on the Office of the Attorney General's ability to represent six defendants that he has been unable to serve, the Court takes issue with the "rule of unanimity" and Defendant James Wright.

In an attempt to explain why the other defendants have not joined in the removal, the Office of the Attorney General states, "To undersigned counsel's knowledge, all served defendants have joined in removal. However, service has not been completed for all named defendants." (ECF No. 1 at 3). In the motion to remand, Plaintiff explicitly states that the Carson City Sheriff's Office served James Wright on May 3, 2019 at 10:10 a.m. (ECF No. 5 at 3). In Plaintiff's reply, he states that Executive Assistant Linda Herron accepted service for James Wright. (ECF No. 12 at 4).

Despite the removing parties' burden to establish that removal is proper and to affirmatively explain the absence of any co-defendants in the notice for removal, the Office of the Attorney General repeatedly states that Plaintiff has presented no proof that he properly served James Wright. (ECF No. 9 at 2, 4). Conversely, the Office of the Attorney General has not presented any proof that Plaintiff improperly served James Wright. Plaintiff does not have to prove that he properly served James Wright. It is the removing parties' burden to establish that removal was proper.

Moreover, the Office of the Attorney General asserts that Plaintiff bears the burden of establishing proper service but then provides an incorrect case law citation to a purported Ninth Circuit case that is actually a Sixth Circuit case with a different name.[1] (ECF No. 9 at 4). The Office of the Attorney General also states that it is not authorized to accept service for former employees and then incorrectly cites to NRS § 41.039, which does not stand for that proposition. (*Id.*)

Additionally, the Office of the Attorney General is incorrect in stating that it is not authorized to accept <u>service</u> for former employees. The Nevada Rules of Civil Procedure, which discusses service of former state employees, explicitly states:

> Any current or <u>former public officer or employee of the State who is sued in his or her official capacity or his or her individual capacity</u> for an act or omission relating to his or her public duties or employment <u>must be served by delivering a copy of</u>

---

[1] The Office of the Attorney General cites incorrectly to the following case: *Butcher's Union Local 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.3d 535, 538 (9th Cir. 1986). (ECF No. 9 at 4). The case citation is to a Sixth Circuit case by another name and does not stand for the proposition asserted.

<u>the summons and complaint to</u>:

(A) <u>the Attorney General</u>, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and

(B) the current or former public officer or employee, or an agent designated by him or her to receive service of process.

Nev. R. Civ. P. 4.2(d)(2) (emphasis added).

The Nevada Rules of Civil Procedure and the Nevada Revised Statutes differentiate between service and representation. As for representation, NRS § 41.0339 states that "[w]ithin 15 days after service of a copy of the summons and complaint or other legal document commencing the action," a former state employee must submit a written request for "defense" to the "official attorney" NRS § 41.0339(1)(a)(1). This statute recognizes that service is different from representation.

Overall, the Court grants Plaintiff's motions to remand this case to state court. The Office of the Attorney General has not met its burden of establishing that removal was proper. The Office of the Attorney General has not established that James Wright was improperly served. As such, the removal is procedurally defective because all defendants who purportedly have been properly joined and served have not consented to the removal of the action.

**II.  MOTION FOR SANCTIONS**

Plaintiff seeks sanctions against the Office of the Attorney General due to "fraud" as described in the motion to remand. (ECF No. 7 at 3). The Court denies the motions for sanctions but notes that Plaintiff has successfully pointed out several errors made in this case by the Office of the Attorney General.

///

///

///

///

///

///

**III.    CONCLUSION**

For the foregoing reasons, it is ordered that the motions to remand case back to state court (ECF Nos. 5, 6) are granted.

It is further ordered that the motion for sanctions (ECF No. 7) is denied.

It is further ordered that the motion to extend copy work (ECF No. 13) is denied as moot in this Court.  However, Plaintiff should move for an extension in state court.

It is further ordered that the Clerk of the Court close the case.

DATED THIS __29__ day of January 2020.

_____
Gloria M. Navarro, Judge
United States District Court